the United States, plus the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, was in each instance the appraised value less the amount added to meet advances made by the Appraiser in similar cases and that there is no foreign value.

IT IS FURTHER STIPULATED AND AGREED, that this appeal to reappraisement be submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware articles here involved, and that such value was in each instance the appraised value, less the amount added to meet advances made by the appraiser in similar cases.

Insofar as the appeal relates to all other merchandise it is hereby dismissed.

Judgment will be entered accordingly.

**REHEARING MOTION GRANTED**

APRIL 10, 1953

Reap. Dec. 8212.—
*The American Import Co.* v. *United States.* Entered at San Francisco, Calif. [Not published.] Motion by plaintiff.

(Reap. Dec. 8213)

B. A. McKENZIE & CO., INC. *v.* UNITED STATES

Entry No. 411–A.

(Decided April 21, 1953)

*Lawrence, Tuttle & Harper* for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated as follows between counsel for plaintiff and the Assistant Attorney General for the United States, concerning the merchandise referred to herein:

1) That as to merchandise involved herein, marked "A" on the invoice and initialed E. E. R. by Customs Examiner E. E. Rembaugh, the market value or